AMR REALTY COMPANY AND HARRY LIPKIN, APPEL-
LANTS, v. STATE OF NEW JERSEY, BUREAU OF SE-
CURITIES, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 9, 1977—Decided September 29, 1977.

Before Judges MATTHEWS, SEIDMAN and HORN.

*Mr. Peter J. Calderone* argued the cause for appellants
(*Messrs. Wilentz, Goldman & Spitzer*, attorneys; *Mr. Norman
Tanenbaum*, of counsel and on the brief).

*Mr. Sherman T. Brewer, Jr.*, Deputy Attorney General,
argued the cause for respondent (*Mr. William F. Hyland*,

Attorney General of New Jersey, attorney; *Ms. Erminie L. Conley,* Deputy Attorney General, of counsel).

PER CURIAM. In an earlier opinion, reported at 149 *N. J. Super.* 329 (1977), we held, contrary to the view adhered to by the Bureau of Securities, that in the light of *United Housing Foundation, Inc. v. Forman,* 421 *U. S.* 837, 95 *S. Ct.* 2051, 44 *L. Ed.* 2d 621 (1975), reh. den. 423 *U. S.* 884, 96 *S. Ct.* 157, 46 *L. Ed.* 2d 115 (1975), shares in a housing cooperative which entitle the purchaser to lease an apartment in the cooperative and do not possess the common attributes of stock are not securities within the intendment of our Uniform Securities Law, *N. J. S. A.* 49:3-47 *et seq.* We remanded the matter for a further hearing because, while the hearing examiner had sought to distinguish the shares involved in this matter from those in *Forman,* we found no support in the record for his findings. Accordingly, we directed the Bureau Chief, upon full presentation of all available data, to make supplemental findings and conclusions which would contain a reasoned explanation of why the shares here in question were (or were not, as the case may be) securities under the Uniform Securities Law, applying the principles enunciated in *Forman* and followed in *Grenader v. Spitz,* 537 *F.* 2d 612 (2 Cir. 1976), *cert.* den. 429 *U. S.* 1009, 97 *S. Ct.* 541, 50 *L. Ed.* 2d 619 (1976). Because of the remand, we expressed no opinion on the issue raised by appellants respecting the excessiveness of the penalties imposed.

In compliance with our direction, a further hearing was held, leading to a determination by the Bureau Chief that the cooperative interests involved in this case did not constitute securities under *N. J. S. A.* 49:3-27 or 49:3-49(m).

Appellants state in a supplemental letter brief on remand that they are "no longer interested in pursuing any further legal proceedings in this matter and that the issues in this case as they relate to [them] * * * are, in effect, 'moot.'" The Attorney General advises us in a letter in lieu of supplemental brief that he construes our earlier opinion "to

settle the definition of the word 'securities' to be applied in the administrative proceeding to which the appeal relates," and understands "the sole purpose of the remand ordered by the court to be the application by the Bureau Chief of the definition so established to the facts as found after supplementation of the record by inclusion of additional evidentiary matter therein." The Attorney General states further that "[i]n light of the above circumstances, we believe it would be appropriate to dismiss the appeal as moot."

It is so ordered. No costs.